**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40698
Summary Calendar
_____


VICKI MAJOR,

Plaintiff-Appellant,

VERSUS

HOECHST CELANESE CORPORATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Texas
(C-95-CV-382)
_____

February 5, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Vicki Major appeals a summary judgment on her claim of
intentional infliction of emotional distress ("i.i.e.d.") against
Hoechst Celanese Corporation ("HCC").  Finding no error, we affirm.


I.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

Major was employed by HCC as a technical document entry clerk in the company's library. She was instructed by her supervisor, Marsha Wilson, to destroy a reel of microfilm that Wilson indicated did not contain technical information and therefore was no longer needed pursuant to HCC's document retention policy. Major expressed concern about the destruction of the film, disbelieving Wilson's conclusion that the film contained no technical information.

At an HCC meeting two months later, Ruth Umfleet, Major's second supervisor, asked Major whether she had complied with Wilson's instruction. Major indicated that she had not, but rather that she had placed the film in a safe placeSSher home. Wilson informed Major that it was theft to take company property home and instructed her to return the film to HCC. Major complied and was not disciplined in any manner.

Major filed suit in Texas state court, alleging i.i.e.d. The gravamen of her complaint was that she was ordered erroneously to destroy documents containing technical information and that she was accused by Wilson of theft following her refusal to comply. HCC removed the case to federal court. The district court granted summary judgment for HCC.

## II.

We review a grant of summary judgment *de novo*. *See Hanks v.*

*Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

To recover for i.i.e.d., a plaintiff must prove that (1) defendant acted intentionally or recklessly; (2) defendant's conduct was extreme and outrageous; (3) defendant caused the plaintiff emotional distress; and (4) the emotional distress was severe. *See Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Extreme and outrageous conduct is that which is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" *Id.* (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993)). An ordinary employment dispute is not actionable as i.i.e.d. *See Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 151 (5th Cir. 1996).

Assuming *arguendo* that Wilson accused Major of stealing HCC property, such conduct is not extreme and outrageous.[2] Further

---

[2] *See, e.g.*, *MacArthur v. University of Texas Health Ctr.*, 45 F.3d 890, 898-99 (5th Cir. 1995) (holding that employer's intemperate and rude reprimand and overreaction in falsely accusing plaintiff of sabotaging laboratory experiment did not demonstrate outrageous conduct); *Diamond Shamrock Refining & Marketing Co. v. Mendez*, 844 S.W.2d 198, 202 (Tex. 1992) (holding that employer's falsely depicting plaintiff as a thief was not outrageous conduct). The parties disagree as to whether Wilson told Major that it was company policy not to steal
(continued...)

more, Major's reliance upon *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 307 (5th Cir. 1989), is misplaced.  We explained in *Dean* that it was the defendant's intentional placing of checks in the plaintiff's purse in an effort to frame her for theft that took "this case beyond the realm of an ordinary employment dispute and into the realm of an outrageous one."  *Id.*

Major next alleges that, in addition to the microfilm incident, her employment conditions at HCC were so "unreasonable" and "horrible" that the conditions themselves support her intentional infliction claim.  According to Major, she was subject to constant criticism, stressful conversations, mistrust, and even a co-worker's looking through her desk for documents and other materials that had not been filed.  Complaints regarding ordinary employment disputes do not give rise to claims for i.i.e.d.[3]

AFFIRMED.

---

[2](...continued)
or actually accused Major of stealing.  We need not resolve this factual dispute.

[3] See, e.g., *Atkinson*, 84 F.3d at 151 (holding that superiors' alleged displays of disrespect and rudeness toward plaintiff are not extreme and outrageous); *MacArthur*, 45 F.3d at 899 (holding that employer's intemperate and rude reprimands are not extreme and outrageous); *Horton v. Montgomery Ward & Co.,* 827 S.W.2d 361, 368-70 (Tex. App.§§San Antonio 1992, writ denied) (holding that "an exchange of insults, indignities, annoyances, and other trivialities," including defacing plaintiff's family pictures and frightening her by placing rattlesnake rattlers on her desk, did not rise to the level of "extreme and outrageous").